IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

**F I L E D**
STATESVILLE, N.C.

MAR 1 8 2009

U.S. DISTRICT COURT
W. DIST. OF NC

| | |
|---|---|
| STATE OF NORTH CAROLINA EX REL. )<br>WILLIAM G. ROSS, JR. SECRETARY, )<br>NORTH CAROLINA DEPARTMENT OF )<br>ENVIRONMENT AND NATURAL )<br>RESOURCES, )<br>and UNITED STATES OF AMERICA, )<br> )<br>       Plaintiffs, )<br> )<br>       v. )<br> )<br>EL PASO NATURAL GAS COMPANY, )<br>BEAUNIT CORPORATION, and )<br>BEAUNIT FABRICS CORPORATION, )<br> )<br>       Defendants. ) | Consolidated Cases<br><br>No.  5:04 CV 38<br>No.  5:04 CV 42 |

**CONSENT DECREE**

## TABLE OF CONTENTS

I.      BACKGROUND ................................................................................1
II.     JURISDICTION ...............................................................................4
III.    PARTIES BOUND ...........................................................................5
IV.     DEFINITIONS..................................................................................5
V.      PAYMENT OF RESPONSE COSTS................................................9
VI.     FAILURE TO COMPLY WITH CONSENT DECREE ....................10
VII.    COVENANT NOT TO SUE BY UNITED STATES AND
        RESOLUTION OF LIABILITY TO STATE......................................12
VIII.   RESERVATIONS OF RIGHTS BY PLAINTIFFS ............................13
IX.     COVENANT NOT TO SUE BY SETTLING DEFENDANT ............15
X.      EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION ......16
XI.     RETENTION OF RECORDS ............................................................17
XII.    NOTICES AND SUBMISSIONS .....................................................19
XIII.   RETENTION OF JURISDICTION....................................................20
XIV.    INTEGRATION/APPENDIX ............................................................21
XV.     LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ..........21
XVI.    SIGNATORIES/SERVICE ..............................................................21
XVII.   FINAL JUDGMENT ........................................................................22

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| STATE OF NORTH CAROLINA EX REL. )<br>WILLIAM G. ROSS, JR. SECRETARY, )<br>NORTH CAROLINA DEPARTMENT OF )<br>ENVIRONMENT AND NATURAL )<br>RESOURCES )<br>and UNITED STATES OF AMERICA, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EL PASO NATURAL GAS COMPANY, )<br>BEAUNIT CORPORATION, and )<br>BEAUNIT FABRICS CORPORATION, )<br>)<br>Defendants. ) | Consolidated Cases<br><br>No.  5:04 CV 38<br>No.  5:04 CV 42 |

**CONSENT DECREE**

**I. BACKGROUND**

WHEREAS, the FCX-Statesville Superfund Site is located approximately 1.5

miles west of downtown Statesville, Iredell County, North Carolina, at the intersection of

Phoenix Street and West Front Street (the "Site");

WHEREAS, on February 21, 1990, the United States Environmental Protection

Agency ("EPA") listed the FCX-Statesville Superfund Site on the National Priorities List

("NPL"), and the Site at that time, consisted of a 5.5 acre parcel of land to the south of

the Norfolk-Southern Railroad spur;

WHEREAS, the 5.5 acre parcel was operated by FCX Corporation as an

agricultural chemical formulation plant (the "pesticide plant");

1

WHEREAS, in 1993, EPA expanded the NPL Site to include, in addition to the

pesticide plant, a 15 acre parcel north of the Norfolk-Southern Railroad spur that was

operated as a textile manufacturing plant by Burlington Industries, Inc. (the "textile

plant");

WHEREAS, EPA divided its response actions for the expanded Site into three

administrative operable units ("OUs");

WHEREAS, Operable Unit 1 ("OU 1") consists of hazardous substance

contaminated groundwater at, and to the south of, the pesticide plant, which

contamination is addressed in a Record of Decision dated September 27, 1993, and an

Amendment thereto, dated September 11, 2006, which deleted volatile organic

compounds ("VOCs") as contaminants of concern ("COCs") from the OU 1 ROD making

the remedy for Operable Unit 3 the sole means by which VOC groundwater

contamination will be addressed Site-wide and making the hazardous substance

contamination addressed in OU 1 limited to that originating at the pesticide plant;

WHEREAS, Operable Unit 2 ("OU 2") consists of pesticide contaminated soils

at the pesticide plant, which contamination is addressed in a Record of Decision dated

November 22, 1994;

WHEREAS, OU3 consists of the areal extent of all contamination originating and

emanating from the textile plant, including contamination extending beyond the property

line of the textile plant to the north and to the south of the textile plant, which

contamination is addressed in a ROD dated September 30, 1996, and an Explanation of

Significant Difference dated September 8, 2006;

2

WHEREAS, on December 18, 1997, the United States of America ("United States") commenced an action under Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act, as amended, ("CERCLA"), 42 U.S.C. § 9607, against El Paso Natural Gas Company, Beaunit Corporation and Burlington Industries, Inc., and simultaneously lodged a consent decree (the "Consent Decree") with the United States District Court for the Western District of North Carolina resolving claims relating to Operable Unit 3 ("OU3") of the Site;

WHEREAS, this Court entered the Consent Decree on March 29, 1998;

WHEREAS, on April 8, 2004, the State of North Carolina filed a civil action (Case No. 5:04 CV 38) on behalf of William G. Ross, Jr., Secretary of the North Carolina Department of Environment and Natural Resources (the "State"), against El Paso Natural Gas Company ("Settling Defendant"), Beaunit Corporation and Beaunit Fabrics Corporation in this Court under Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, for the recovery of costs that had been incurred and were to be incurred in connection with the Site, except for OU3 costs;

WHEREAS, on April 12, 2004, the United States, on behalf of the Administrator of the EPA, also filed a civil action (Case No. 5:04 CV 42) against El Paso Natural Gas Company, Beaunit Corporation and Beaunit Fabrics Corporation pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, seeking reimbursement of response costs that had been incurred and were to be incurred in connection with the Site, except for OU3 costs;

3

WHEREAS, Settling Defendant filed an answer, counterclaims against the United States, and cross-claims against Beaunit Corporation and Beaunit Fabrics Corporation on August 31, 2004;

WHEREAS, the cases filed by the State (Case No. 5:04 CV 38) and the United States (Case No. 5:04 CV 42) in 2004 were consolidated by this Court on March 18, 2005;

WHEREAS, by entering into this Consent Decree, no Party admits any liability arising out of the transactions or occurrences alleged in the complaints and the counterclaims;

WHEREAS, the United States, the State and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest;

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaints, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall

4

not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

### III. PARTIES BOUND

2. This Consent Decree is binding upon the United States, the State and upon the Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

### IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. ' 9601, *et seq*.

b. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

f. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

g. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

h. "OU 1" shall mean that part of the Site that consists of groundwater contamination on, and to the south of, the pesticide plant, the remediation of which is addressed in a Record of Decision ("ROD") dated September 27, 1993; and an Amendment to the Record of Decision ("AROD"), dated September 11, 2006, as they may be further amended or revised.

i. "OU 2" shall mean that part of the Site that consists of pesticide contaminated soils at the pesticide plant, the remediation of which is addressed in a Record of Decision dated November 22, 1994; as it may be further amended or revised;

6

j. "OU 3" shall mean that part of the Site that consists of the areal extent of all contamination originating and emanating from the textile plant, including contamination extending beyond the property line of the textile plant to the north and to the south of the textile plant, the remediation of which is addressed in: a ROD dated September 30, 1996, and an Explanation of Significant Difference dated September 8, 2006, as they may be further amended or revised.

k.    "OU 1 and OU 2 Pesticides" shall mean those pesticides, found at or emanating from the pesticide plant, that were identified in the ROD and AROD for OU 1 and in the Record of Decision for OU 2 as requiring remediation.

l.    "OU 1 and OU 2 Response Costs" shall mean all costs, including, but not limited to, direct and indirect costs together with accrued Interest, that EPA or DOJ, on behalf of EPA, has incurred or will incur in connection with OU 1 and OU 2. OU 1 and OU 2 Response Costs do not include any costs, including direct and indirect costs, incurred or to be incurred by EPA or DOJ, on behalf of EPA, for response actions relating to the Record of Decision for Operable Unit Three ("OU 3") dated September 30, 1996, and the Explanation of Significant Difference for OU 3 dated September 8, 2006, which are the subject of the OU 3 Consent Decree.

m. "OU 3 Consent Decree" shall mean the consent decree between the United States, El Paso Natural Gas Company, Beaunit Corporation and Burlington Industries, Inc., entered by the United States District Court for the Western District of North Carolina resolving the United States' claims relating to OU 3 of the Site and entered on March 29, 1998.

n. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

o. "Parties" shall mean the United States, the State of North Carolina, and Settling Defendant.

p. "Plaintiffs" shall mean the United States and the State.

q. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

r. "Settling Defendant" shall mean El Paso Natural Gas Company and its successors.

s. "Site" shall mean the FCX-Statesville Superfund Site located approximately 1.5 miles west of downtown Statesville, Iredell County, North Carolina, at the intersection of Phoenix Street and West Front Street, as generally shown on the map included in Appendix A. It encompasses: a 5.5 acre parcel to the south of the Norfolk-Southern Railroad spur, north of West Front Street, and east of the Carnation building, that was operated by FCX Corporation as an agricultural chemical formulation plant (the "pesticide plant"); and a 15 acre parcel west of Phoenix Street and Piedmont Street, north of the Southern Rail Line railroad spur, and south of Yadkin Street that was operated as a textile manufacturing plant by Burlington Industries, Inc. (the "textile plant"). The Site, divided into OUs 1, 2, and 3 for remediation, includes the areal extent of all groundwater, sediment, soil and surface water contamination originating on and emanating from the pesticide plant and the textile plant.

t. "State" shall mean the State of North Carolina ex rel. William G. Ross, Jr., Secretary, North Carolina Department of Environment and Natural Resources.

8

u. "State OU 1 and OU 2 Response Costs" shall mean all costs, including but not limited to, direct and indirect costs, together with accrued Interest, that the State of North Carolina has incurred or will incur in response to the release or threatened release of hazardous substances at or in connection with OU 1 and OU 2 at the Site, but not including amounts reimbursed to the State by EPA.

v. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. **PAYMENT OF RESPONSE COSTS**

4. <u>Payment of OU 1 and OU 2 Response Costs to EPA</u>. Within 30 days of entry of this Consent Decree, Settling Defendant shall pay the United States $1,500,000.00 for OU 1 and OU 2 Response Costs.

5. Payment shall be made by FedWire Electronic Funds Transfer (AEFT") to the U.S. Department of Justice account in accordance with EFT instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the Western District of North Carolina following lodging of the Consent Decree.

6. At the time of payment, Settling Defendant shall also send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill Identification Number 048M, DOJ case number 90-11-3-08264, and the civil action number.

7. The total amount to be paid pursuant to Paragraph 4 shall be deposited in the EPA Hazardous Substance Superfund.

8. <u>Payment of State OU 1 and OU 2 Response Costs</u>. Within 30 days of entry of this Consent Decree, Settling Defendant shall pay to the State $110,000.00 in

reimbursement of State OU 1 and OU 2 Response Costs, in the form of a certified check

or cashier's check. The check shall be made payable to the North Carolina Superfund

Cost Share Fund, Tax ID # 56-6000372, and shall reference EPA Site/Spill ID Number

048M and the civil action number. Settling Defendant shall send the check to:

> W. Wallace Finlator, Jr.
> Assistant Attorney General
> North Carolina Department of Justice
> 9001 Mail Service Center
> Raleigh, NC 27699-9001

### VI. FAILURE TO COMPLY WITH CONSENT DECREE

9. <u>Interest on Late Payments</u>. If the Settling Defendant fails to make any

payment under Paragraphs 4 and 8 (Payment of Response Costs) by the required due

date, Interest shall continue to accrue on the unpaid balance through the date of payment.

10. <u>Stipulated Penalty</u>.

a. If any amounts due under Paragraphs 4 and 8 are not paid by the

required date, Settling Defendant shall be in violation of this Consent Decree and shall

pay to EPA and/or the State, as a stipulated penalty, in addition to the Interest required by

Paragraph 9, $1,000.00 per violation per day that such payment is late.

b. Stipulated penalties are due and payable within 30 days of the date of

the demand for payment of the penalties by EPA and/or the State. All payments to EPA

under this Paragraph shall be identified as "Stipulated Penalties" and shall be made by

certified or cashier's check made payable to EPA Hazardous Substance Superfund. The

check, or a letter accompanying the check, shall reference the name and address of the

party making payment, the Site name, the EPA Region and Site Spill ID Number 048M,

DOJ Case Number 90-11-3-08264, and the civil action number.  Settling Defendant shall

send the check (and any accompanying letter) to:

> US Environmental Protection Agency
> Fines and Penalties
> Cincinnati Finance Center
> P.O. Box 979077
> St. Louis, MO  63197-9000

    c.  At the time of each payment, Settling Defendant shall also send notice

that payment has been made to EPA and DOJ in accordance with Section XII (Notices and

Submissions).  Such notice shall reference the EPA Region and Site/Spill ID Number

048M, DOJ Case Number 90-11-3-08264, and the civil action number.

    d.  All payments to the State under this Paragraph shall be identified as

"Stipulated Penalties" and shall be made by certified or cashier's check made payable to

"North Carolina Superfund Cost Share Fund."  The check, or letter accompanying the

check, shall reference the name and address of the party making payment, the Site name,

the EPA Region and Site Spill ID Number 048M, and the civil action number.  Settling

Defendant shall send the check (and any accompanying letter) to:

> W. Wallace Finlator, Jr.
> Assistant Attorney General
> North Carolina Department of Justice
> 9001 Mail Service Center
> Raleigh, NC  27699-9001

    e.  Penalties shall accrue as provided in this Paragraph regardless of

whether EPA or the State has notified Settling Defendant of the violation or made a

demand for payment, but need only be paid upon demand.  All penalties shall begin to

accrue on the day after payment is due and shall continue to accrue through the date of

payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

11. If the United States or the State brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States and/or the State for all costs of such action, including, but not limited to, costs of attorney time.

12. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiffs by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

13. Notwithstanding any other provision of this Section, the United States and/or the State may, in their unreviewable discretion, waive payment of any portion of the stipulated penalties that has accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII. <u>COVENANT NOT TO SUE BY UNITED STATES AND RESOLUTION OF LIABILITY TO STATE</u>

14.a. <u>Covenant Not to Sue by United States</u>. Except as specifically provided in Section VIII (Reservation of Rights by the Plaintiffs), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607, with respect to either or both of: (i) OU 1 and OU 2 Response Costs; and (ii) OU 1 and OU 2 Pesticides. This covenant not to sue by the United States shall take effect upon receipt by EPA of all payments required by Section V, Paragraph 4, (Payment of Response Costs) and any amount due under Section VI (Failure to Comply with Consent Decree). This covenant not to sue by the United States is conditioned upon the satisfactory performance by Settling Defendant of

12

its obligations under this Consent Decree. This covenant not to sue by the United States extends only to Settling Defendant and does not extend to any other person

14.b. <u>Resolution of Liability to State.</u>    Except as specifically provided in Section VIII (Reservation of Rights by the Plaintiffs), the State releases and agrees not to sue or to take administrative action against Settling Defendant pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, or under the Inactive Hazardous Sites Response Act of 1987, N.C.G.S. § 130A-310 et seq. with respect to State OU 1 and OU 2 Response Costs because the State has determined that the Settling Defendant is not liable for pesticide contamination in soil and groundwater at the Site. This release and agreement not to sue or take administrative action by the State shall take effect upon receipt by the State of all payments required by Section V, Paragraph 8, (Payment of Response Costs) and any amount due under Section VI (Failure to Comply with Consent Decree). This release and agreement not to sue or take administrative action by the State is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree.

## VIII. <u>RESERVATIONS OF RIGHTS BY THE PLAINTIFFS</u>

15. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by United States and Resolution of Liability to State in Paragraph 14. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Setting Defendant with respect to:

13

a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b. criminal liability;

c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

d. liability for the release of a hazardous substance or a solid waste at or in connection with the Site, other than addressed by the OU 3 Consent Decree, after signature of this Consent Decree by Settling Defendant;

e. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant at or from a facility not included in the Site; and

f. any reservation of rights reserved by the United States in Section XXI of the OU 3 Consent Decree.

16. The State reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the State's release and agreement not to sue or take administrative action against Settling Defendant in Paragraph 14. Notwithstanding any other provision of this Consent Decree, the State reserves all rights against Settling Defendant with respect to:

a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b. criminal liability;

c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

14

      d.  liability for the release of a hazardous substance or a solid waste at or in connection with the Site, other than addressed by the OU 3 Consent Decree, after signature of this Consent Decree by Settling Defendant;

      e.  liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant at or from a facility not included in the Site.; and

      f.  any reservation of rights reserved by the United States in Section XXI of the OU 3 Consent Decree.

17. The Settling Defendant reserves, and this Consent Decree is without prejudice to, any and all defenses Settling Defendant may have to the matters reserved by the United States and the State pursuant to Paragraphs 15 and 16.

### IX. COVENANT NOT TO SUE BY SETTLING DEFENDANT

18. Settling Defendant agrees to dismiss with prejudice all its counterclaims asserted against the United States in this action and covenants not to sue and agrees not to assert any future claims or causes of action against the United States or the State, or their contractors or employees, with respect to the Site, including but not limited to:

      a.  any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

      b.  any claim arising out of the response actions at the Site, including any claim under the United States Constitution, the Constitution of the State of North Carolina, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

15

c. any claim against the United States pursuant to Sections 107 and 113 of

CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

19. Nothing in this Consent Decree shall be deemed to constitute approval or

preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. §

9611, or 40 C.F.R. § 300.700(d).

## X.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

20. Nothing in this Consent Decree shall be construed to create any rights in, or

grant any cause of action to, any person not a Party to this Consent Decree. The Parties

expressly reserve any and all rights (including, but not limited to, any right to

contribution), defenses, claims, demands, and causes of action that they may have with

respect to any matter, transaction, or occurrence relating in any way to the Site against

any person not a Party hereto.

21. The Parties agree, and by entering this Consent Decree this Court finds, that

Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection

from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42

U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters

addressed" in this Consent Decree are OU1 and OU2 Response Costs and State OU1 and

OU2 Response Costs. The "matters addressed" in this Consent Decree do not include

those response costs or response actions as to which EPA and the State have reserved

their rights under this Consent Decree (except for claims for failure to comply with this

Consent Decree), in the event that EPA and/or the State assert rights against Settling

Defendant coming within the scope of such reservations.

16

22. The Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA, DOJ and the State in writing no later than sixty (60) days prior to the initiation of such suit or claim. The Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA, DOJ and the State in writing within ten (10) days of service of the complaint or claim upon it. In addition, the Settling Defendant shall notify EPA, DOJ, and the State within ten (10) days of service or receipt of any Motion for Summary Judgment, and within ten (10) days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

23. In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by United States and Resolution of Liability to State set forth in Section VII.

## XI. RETENTION OF RECORDS

24. Until five (5) years after the entry of this Consent Decree, the Settling Defendant shall preserve and retain all records, reports, or information (hereinafter referred to as "records") now in its possession or control, or which come into its

17

possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

25. After the conclusion of the five (5) year document retention period in the preceding paragraph, Settling Defendant shall notify EPA, DOJ and the State at least 90 days prior to the destruction of any such records, and, upon request by EPA, DOJ or the State, Settling Defendant shall deliver any such records to EPA or the State. Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege, it shall provide Plaintiffs with the following: 1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiffs in redacted form to mask the privileged information only. Settling Defendant shall retain all records that they claim to be privileged until the United States and/or the State have had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant=s favor. However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

26. The Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its

18

potential liability regarding the Site since notification of potential liability by the United

States or the State or the filing of suit against it regarding the Site and that it has fully

complied with any and all EPA requests for information pursuant to Sections 104(e) and

122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42

U.S.C. § 6972.

## XII. NOTICES AND SUBMISSIONS

27. Whenever, under the terms of this Consent Decree, notice is required to be

given or a document is required to be sent by one party to another, it shall be directed to

the individuals at the addresses specified below, unless those individuals or their

successors give notice of a change to the other Parties in writing. Written notice as

specified herein shall constitute complete satisfaction of any written notice requirement

of the Consent Decree with respect to the United States, EPA, DOJ, the State, and

Settling Defendant, respectively.

As to the United States:

> As to DOJ:
>
> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> Re: DJ # 90-11-3-08264
> P.O. Box 7611
> Washington, D.C. 20044-7611
>
> As to EPA:
>
> Paula V. Painter
> U.S. Environmental Protection Agency, Region 4
> Superfund Division
> Superfund Enforcement and Information Management Branch
> 61 Forsyth Street, S.W.
> Atlanta, GA 30303

AND

Tanya Floyd
U.S. Environmental Protection Agency, Region 4
Office of Environmental Accountability Division
61 Forsyth Street, S.W.
Atlanta, GA 30303

As to the State:

Jack R. Butler, P.E.
Chief of Superfund Section
North Carolina Division of Waste Management
401 Oberlin Road, Suite 150
Raleigh, NC  27605-1350

AND

W. Wallace Finlator, Jr.
Assistant Attorney General .
North Carolina Department of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001

As to the Settling Defendant:

Scott J. Miller, Esquire
Office of Legal Counsel
El Paso Natural Gas Company
1001 Louisiana Street
Houston, TX 77002

AND

Jennifer M. Porter
Gurne Porter, PLLC
1750 K Street, N.W.
Washington, D.C.  20006

## XIII.  RETENTION OF JURISDICTION

28.  This Court shall retain jurisdiction over this matter for the purpose of

interpreting and enforcing the terms of this Consent Decree.

## XIV. **INTEGRATION/APPENDIX**

29.    This Consent Decree and its appendix constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. Appendix A is a map of the Site.

## XV. **LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

30.    This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

31.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI. **SIGNATORIES/SERVICE**

32.    Each undersigned representative of the Settling Defendant to this Consent Decree, the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, and the undersigned representatives of the State of North Carolina certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

21

33. The Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

34. The Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVII. FINAL JUDGMENT

35. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States, the State, and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 17 DAY OF march, 2009

_____
United States District Judge

22

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of

State of North Carolina and United States of America v. El Paso Natural Gas Company,

Beaunit Corporation, and Beaunit Fabrics Corporation, Civil Action No. 5:04 CV 38 and

No. 5:04 CV 42, relating to the FCX-Statesville Superfund Site.


FOR THE UNITED STATES OF AMERICA

Date: _10 October 2008_

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611


Date: _October 1, 2008_

JAMES R. MacAYEAL
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
(202) 616-8777


ROBERT J. CONRAD, JR.
United States Attorney
DONALD CALDWELL
Assistant U.S. Attorney
The Carillon Building
Suite 1700
227 West Trade Street
Charlotte, NC  28202
(704) 38-3155


23

Date: 9/11/08

FRANKLIN E. HILL
Director
Superfund Division
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street, S.W.
Atlanta, GA 30303

Date: 9/11/08

TANYA FLOYD
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 4
Office of Environmental Accountability
61 Forsyth Street, S.W.
Atlanta, GA 30303

24

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>State of North Carolina and United States of America v. El Paso Natural Gas Company, Beaunit Corporation, and Beaunit Fabrics Corporation</u>, Civil Action No. 5:04 CV 38 and No. 5:04 CV 42, relating to the FCX-Statesville Superfund Site.

FOR THE STATE OF NORTH CAROLINA

Date: _5/30/2008_    _Jack R. Butler_

JACK R. BUTLER, P.E.
Chief of Superfund Section
North Carolina Division of Waste Management
401 Oberlin Road, Suite 150
Raleigh, NC  27605-1350

Date: _5/30/2008_    _W. Wallace Finlator, Jr._

W. WALLACE FINLATOR, JR.
Assistant Attorney General
North Carolina Department of Justice
9001 Mail Service Center
Raleigh, NC  27699-9001
(919) 716-6984

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>State of North Carolina and United States v. El Paso Natural Gas Company, Beaunit Corporation, and Beaunit Fabrics Corporation</u>, Civil Action No. 5:04 CV 38 and No. 5:04 CV 42, relating to the FCX Statesville Superfund Site.

FOR SETTLING DEFENDANT EL PASO NATURAL GAS COMPANY

Date: __April 18, 2008__

[Name & Address]
JAMES J. CLEARY
President
El Paso Natural Gas Company
2 North Nevada Avenue
Colorado Springs, CO  80903

26



Aerial Photo of FCX Statesville Site

Former Textile Plant Property

Former FCX Pesticide Blending Facility

APPENDIX A