FILED
CHARLOTTE, NC

JUL 1 3 2009

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA<br>and UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiffs, | ) ) | Consolidated Cases |
| v. | ) ) | No.  5:04 CV 38<br>No.  5:04 CV 42 |
| EL PASO NATURAL GAS COMPANY,<br>BEAUNIT CORPORATION, and<br>BEAUNIT FABRICS CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

**CONSENT DECREE**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND | 1 |
| II. | JURISDICTION | 4 |
| III. | PARTIES BOUND | 5 |
| IV. | DEFINITIONS | 5 |
| V. | PAYMENT OF RESPONSE COSTS | 7 |
| VI. | FAILURE TO COMPLY WITH CONSENT DECREE | 8 |
| VII. | COVENANT NOT TO SUE BY PLAINTIFF | 10 |
| VIII. | RESERVATIONS OF RIGHTS BY UNITED STATES | 11 |
| IX. | COVENANT NOT TO SUE BY SETTLING DEFENDANT | 12 |
| X. | EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION | 13 |
| XI. | CERTIFICATION | 14 |
| XII. | NOTICES AND SUBMISSIONS | 15 |
| XIII. | RETENTION OF JURISDICTION | 16 |
| XIV. | INTEGRATION/APPENDICES | 16 |
| XV. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 17 |
| XVI. | SIGNATORIES/SERVICE | 17 |
| XVII. | FINAL JUDGMENT | 18 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

STATE OF NORTH CAROLINA )
and UNITED STATES OF AMERICA, )
                 )
       Plaintiffs, )     Consolidated Cases
                 )
     v. )     No.  5:04 CV 38
                 )     No.  5:04 CV 42
EL PASO NATURAL GAS COMPANY, )
BEAUNIT CORPORATION, and )
BEAUNIT FABRICS CORPORATION, )
                 )
       Defendants. )

## CONSENT DECREE

## I. BACKGROUND

WHEREAS, the FCX-Statesville Superfund Site is located approximately 1.5 miles west

of downtown Statesville, Iredell County, North Carolina, at the intersection of Phoenix Street and

West Front Street (the "Site");

WHEREAS, on February 21, 1990, the United States Environmental Protection Agency

("EPA") listed the FCX-Statesville Superfund Site on the National Priorities List ("NPL"), and

the Site, at that time, consisted of a 5.5 acre parcel of land to the south of the Norfolk-Southern

Railroad spur;

WHEREAS, the 5.5 acre parcel was operated by FCX Corporation as an agricultural

chemical formulation plant (the "pesticide plant");

WHEREAS, in 1993, EPA expanded the NPL Site to include, in addition to the pesticide plant, a 15 acre parcel north of the Norfolk-Southern Railroad spur that was operated as a textile manufacturing plant by Burlington Industries, Inc. (the "textile plant");

WHEREAS, EPA divided its response actions for the expanded Site into three administrative operable units ("OUs");

WHEREAS, Operable Unit 1 ("OU 1") consists of hazardous substance contaminated groundwater at, and to the south of, the pesticide plant, which contamination is addressed in a Record of Decision ("ROD") dated September 27, 1993, and an Amendment thereto, dated September 11, 2006, which deleted volatile organic compounds ("VOCs") as contaminants of concern ("COCs") from the OU 1 ROD making the remedy selection at Operable Unit 3 as the sole means by which VOC groundwater contamination will be addressed Site-wide and making the hazardous substance contamination addressed in OU 1 limited to that originating at the pesticide plant;

WHEREAS, Operable Unit 2 ("OU 2") consists of pesticide contaminated soils at the pesticide plant, which contamination is addressed in a Record of Decision dated November 22, 1994;

WHEREAS, Operable Unit 3 ("OU 3") consists of the areal extent of all contamination originating and emanating from the textile plant, including contamination extending beyond the property line of the textile plant to the north and to the south of the textile plant, which contamination is addressed in a Record of Decision dated September 30, 1996, and an Explanation of Significant Difference dated September 8, 2006;

2

WHEREAS, on December 18, 1997, the United States of America ("United States") commenced an action under Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act, as amended, ("CERCLA"), 42 U.S.C. § 9607, against El Paso Natural Gas Company, Beaunit Corporation and Burlington Industries, Inc., and simultaneously lodged a consent decree (the "Consent Decree") with the United States District Court for the Western District of North Carolina resolving claims relating to OU 3 of the Site;

WHEREAS, this Court entered the Consent Decree on March 29, 1998;

WHEREAS, on April 8, 2004, the State of North Carolina filed a civil action (Case No. 5:04 CV 38) on behalf of William G. Ross, Jr., Secretary of the North Carolina Department of Environment and Natural Resources, against El Paso Natural Gas Company, Beaunit Corporation and Beaunit Fabrics Corporation in this Court under Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, for the recovery of costs that had been incurred and were to be incurred in connection with the Site, except for OU 3 costs;

WHEREAS, on April 12, 2004, the United States, on behalf of the Administrator of the EPA, also filed a civil action (Case No. 5:04 CV 42) against El Paso Natural Gas Company, Beaunit Corporation and Beaunit Fabrics Corporation pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, seeking reimbursement of response costs that had been incurred and were to be incurred in connection with the Site, except for OU 3 costs;

WHEREAS, the cases filed by the State of North Carolina (Case No. 5:04 CV 38) and the United States (Case No. 5:04 CV 42) in 2004 were consolidated by this Court on March 18, 2005;

WHEREAS, by entering into this Consent Decree, no Party admits any liability arising

3

out of the transactions or occurrences alleged in the complaints, counterclaims, and cross-claims;

WHEREAS, the United States has reviewed the Financial Information submitted by Beaunit Corporation ("Settling Defendant") to determine whether Settling Defendant is financially able to pay response costs incurred and to be incurred at the Site. Based upon this Financial Information, the United States has determined that Settling Defendant is able to pay $846.54;

WHEREAS, the United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest;

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaints, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

b. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

5

f. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

g. "Financial Information" shall mean the information submitted by Beaunit Corporation to the United States listed in Appendix A to show that Beaunit Corporation does not have the ability to pay more than the payment amount set forth in Section V of this Consent Decree. "Financial Information" also includes a representation and warranty by Beaunit Corporation that it does not have the ability to pay more than the amount set forth in Section V of this Consent Decree and it does not have any possibility of insurance coverage with respect to the Site.

h. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

i. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

j. "Parties" shall mean the United States and Settling Defendant.

k. "Plaintiff" shall mean the United States.

l. "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. § 6990, *et seq.* (also known as the Resource Conservation and Recovery Act).

m. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

6

n. "Settling Defendant" shall mean Beaunit Corporation.

o. "Site" shall mean the FCX-Statesville Superfund Site located approximately 1.5 miles west of downtown Statesville, Iredell County, North Carolina, at the intersection of Phoenix Street and West Front Street, as generally shown on the map included in Appendix B. It encompasses a 5.5 acre parcel to the south of the Norfolk-Southern Railroad spur, north of West Front Street, and east of the Carnation building, that was operated by FCX Corporation as an agricultural chemical formulation plant (the "pesticide plant"); and a 15 acre parcel west of Phoenix Street and Piedmont Street, north of the Southern Rail Line railroad spur, and south of Yadkin Street, that was operated as a textile manufacturing plant by Burlington Industries, Inc. (the "textile plant"). The Site, divided into OUs 1, 2 and 3 for remediation, includes the areal extent of all groundwater, sediment, soil and surface water contamination originating on and emanating from the pesticide plant and the textile plant.

p. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. PAYMENT OF RESPONSE COSTS

4. Within 30 days of entry of this Consent Decree, Settling Defendant shall pay to the EPA $846.54 for Response Costs incurred and to be incurred at the Site.

5. Payment shall be made by certified or cashier's check made payable to "U.S. Department of Justice," referencing the name and address of the party making payment, the EPA Region and Site Spill ID Number 048M, and DOJ Case Number 90-11-3-1698. Settling Defendant shall send the check to:

    United States Attorney's Office
    Financial Litigation Unit

227 West Trade Street, Suite 1650
Charlotte, NC 28202

6. At the time of payment, Settling Defendant shall also send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill Identification Number 048M and DOJ case number 90-11-3-1698, and the civil action number.

7. The total amount to be paid pursuant to Paragraph 4 shall be deposited in the EPA Hazardous Substance Superfund.

## VI. <u>FAILURE TO COMPLY WITH CONSENT DECREE</u>

8. <u>Interest on Late Payments</u>. If the Settling Defendant fails to make any payment under Section V (Payment of Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9. <u>Stipulated Penalty</u>.

a. If the amount due under Section V (Payment of Response Costs) is not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $500.00 per violation per day that such payment is late.

b. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "Stipulated Penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the party making payment, the Site name, the EPA Region and

Site Spill ID Number 048M, DOJ Case Number 90-11-3-1698, and the civil action number. Settling Defendant shall send the check (and any accompanying letter) to:

> US Environmental Protection Agency
> Fines and Penalties
> Cincinnati Finance Center
> P.O. Box 979077
> St. Louis, MO   63197-9000

    c. At the time of each payment, Settling Defendant shall also send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill ID Number 048M, DOJ Case Number 90-11-3-1698, and the civil action number.

    d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

    10. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to, costs of attorney time.

    11. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

    12. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have

accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse

Settling Defendant from payment as required by Section V (Payment of Response Costs) or from

performance of any other requirements of this Consent Decree.

## VII. COVENANT NOT TO SUE BY PLAINTIFF

13. Except as specifically provided in Section VIII (Reservation of Rights by United

States), the United States covenants not to sue or to take administrative action against Settling

Defendant pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a),

with regard to the Site. This covenant not to sue shall take effect upon receipt by EPA of all

payments required by Section V (Payment of Response Costs) and any amount due under Section

VI (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the

satisfactory performance by Settling Defendant of its obligations under this Consent Decree.

This covenant not to sue is also conditioned upon the veracity and completeness of the Financial

Information provided to the United States by Settling Defendant. If the Financial Information is

subsequently determined by the United States to be false or, in any material respect, inaccurate,

Settling Defendant shall forfeit all payments made pursuant to this Consent Decree and this

covenant not to sue and the contribution protection in Paragraph 20 shall be null and void. Such

forfeiture shall not constitute liquidated damages and shall not in any way foreclose the United

States' right to pursue any other causes of action arising from Settling Defendant's false or

materially inaccurate information. This covenant not to sue extends only to Settling Defendant

and does not extend to any other person.

10

## VIII. RESERVATIONS OF RIGHTS BY UNITED STATES

14. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in Paragraph 13. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Setting Defendant with respect to:

      a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

      b. criminal liability;

      c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

      d. liability, based upon Settling Defendant's ownership or operation of the Site, or upon Settling Defendant's transportation, treatment, storage, disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendant; and

      e. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

15. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if the Financial Information provided by Settling Defendant, or the financial certification made by Settling Defendant in Paragraph 23, is false or, in an material respect, inaccurate.

## IX. COVENANT NOT TO SUE BY SETTLING DEFENDANT

16. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States or its contractors or employees, with respect to the Site or this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of the response actions at or in connection with the Site, including any claim under the United States Constitution, the Constitution of the State of North Carolina, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

Except as provided in Paragraph 18 (Waiver of Claims) and Paragraph 22 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall not apply in the event the United States brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 14 (c)-(e), but only to the extent that Settling Defendant's claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

17. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

18. Settling Defendant agrees not to assert any CERCLA claims or causes of action that it may have for all matters relating to the Site, including for contribution, against any other person. This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against Settling Defendant.

## X. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

19. Except as provided in Paragraph 18, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Consent Decree may have under applicable law. Except as provided in Paragraph 18, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

20. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person. The "matters addressed" in this Consent Decree do not include those response costs or response actions as to which the United States has reserved its rights under this Consent Decree (except

13

for claims for failure to comply with this Consent Decree), in the event that the United States asserts rights against Settling Defendant coming within the scope of such reservations.

21. Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within ten (10) days of service of the complaint or claim upon it. In addition, the Settling Defendant shall notify EPA and DOJ within ten (10) days of service or receipt of any Motion for Summary Judgment, and within ten (10) days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

22. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## XI. CERTIFICATION

23. Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has:

a. not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information regarding the Site and the Settling Defendant's financial circumstances pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6972; and

b. submitted to the United States Financial Information that fairly, accurately, and materially sets forth its financial circumstances, and that those circumstances have not materially changed between the time the Financial Information was submitted to the United States and the time Settling Defendant executes this Consent Decree.

## XII. NOTICES AND SUBMISSIONS

24. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to DOJ, EPA, and Settling Defendant, respectively.

As to the United States:

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Re: DJ # 90-11-3-1698

P.O. Box 7611
Washington, D.C. 20044-7611

As to EPA:

Paula V. Painter
U.S. Environmental Protection Agency, Region 4
Superfund Division
Superfund Enforcement and Information Management Branch
61 Forsyth Street, S.W.
Atlanta, GA 30303

AND

Tanya Floyd
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 4
Office of Environmental Accountability Division
61 Forsyth Street, S.W.
Atlanta, GA 30303

As to Settling Defendant:

Michael W. Mitchell, Esq.
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P.
P.O. Box 2611
Raleigh, NC 27602-2611

## XIII. **RETENTION OF JURISDICTION**

25. This Court shall retain jurisdiction over this matter for the purpose of interpreting
and enforcing the terms of this Consent Decree.

## XIV. **INTEGRATION/APPENDICES**

26. This Consent Decree and its appendices constitute the final, complete and exclusive
agreement and understanding between the Parties with respect to the settlement embodied in this
Consent Decree. The Parties acknowledge that there are no representations, agreements or

understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree:

Appendix A is a list of Financial Information provided to the United States by Settling Defendant.

Appendix B is a map of the Site.

## XV. **LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

27. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

28. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

## XVI. **SIGNATORIES/SERVICE**

29. Each undersigned representative of the Settling Defendant to this Consent Decree and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

30. The Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

31. The Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVII. FINAL JUDGMENT

32. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS _9th_ DAY OF _July_, 200_9_.

_Richard L. Voorhees_
United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>State of</u> <u>North Carolina and United States of America v. El Paso Natural Gas Company, Beaunit</u> <u>Corporation, and Beaunit Fabrics Corporation</u>, Civil Action No. 5:04 CV 38 and No. 5:04 CV 42, relating to the FCX-Statesville Superfund Site.

FOR THE UNITED STATES OF AMERICA

Date: 2/4/9

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

Date: 2/4/69

JAMES R. MacAYEAL
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 616-8777

ROBERT J. CONRAD, JR.
United States Attorney
DONALD CALDWELL
Assistant U.S. Attorney
The Carillon Building
Suite 1700
227 West Trade Street
Charlotte, NC 28202
(704) 338-3155

19

Date: 9/10/08

FRANKLIN E. HILL
Director
Superfund Division
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street, S.W.
Atlanta, GA 30303

Date: 9/10/08

TANYA FLOYD
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 4
Office of Environmental Accountability
61 Forsyth Street, S.W.
Atlanta, GA 30303

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>State of</u> <u>North Carolina and United States of America v. El Paso Natural Gas Company, Beaunit</u> <u>Corporation, and Beaunit Fabrics Corporation</u>, Civil Action No. 5:04 CV 38 and No. 5:04 CV 42, relating to the FCX-Statesville Superfund Site.

FOR BEAUNIT CORPORATION

Date: _5/29/2008_

_____
RONALD J. GOGLIA
President
25 Woodvue Road
Windham, New Hampshire  03087

Agent Authorized to Accept Service on Behalf of the Above-signed Party:

Name: _MICHAEL W, MITCHELL_

Title: _ATTORNEY_

Address: _P.O. BOX 2611_
_RALEIGH, NC  27602-2611_

**APPENDIX A**
**Financial Documents Submitted by Beaunit Corporation**

Beaunit Corporation Cash Activity from 12/31/03 to 12/10/07

2006 U.S. Income Tax Return for an S Corporation

2005 U.S. Income Tax Return for an S Corporation

2004 U.S. Income Tax Return for an S Corporation

2003 U.S. Income Tax Return for an S Corporation

2002 U.S. Income Tax Return for an S Corporation

2001 U.S. Income Tax Return for an S Corporation

Letter from Michael W. Mitchell to James R. MacAyeal dated February 14, 2008

Letter from Michael W. Mitchell to James R. MacAyeal and W. Wallace Finlator, Jr. dated August 12, 2004

Letter from Henry A. Mitchell, Jr. to Tanya Floyd dated April 7, 2004, including response to EPA's Information Request and Insurance Summary for Beaunit Corporation by Frank F. Richardson

North Carolina Department of Environment and Natural Resources Statement of Financial Information (Corporate Addendum) dated July 15, 2004

U.S. EPA Financial Statement for Businesses dated March 26, 2004